**Petition of CANADA S. S. LINES, Limited.**

**No. 3508.**

United States District Court
N. D. Ohio, E. D.
April 26, 1950.

Leckie, McCreary, Schlitz & Hinslea, Cleveland, Ohio, for the S. S. Co.

McKeehan, Merrick, Arter & Stewart, Cleveland, Ohio, Bodman, Longley, Bogle,

Armstrong & Dahling, Detroit, Mich., G. R. Johnson, Cleveland, Ohio, for claimants.

JONES, Chief Judge.

This is an action for exoneration from or limitation of possible liability arising out of the Noronic disaster.

On September 17, 1949, the steamship Noronic, owned by petitioner, was destroyed by a fire at its dock in Toronto. As a result 119 passengers died; many others suffered personal injury and probably all sustained damage to their personal property.

Two lawsuits asking some $337,000 in damages were shortly thereafter filed in the Common Pleas Court of Cuyahoga County, Ohio and in this Court, 93 F.Supp. 549. Petitioner believing these to be the first of many to be filed initiated this action to exonerate itself from or to limit its liability, and it filed a stipulation for payment of $448,409.40 into the Court's registry. This sum represents the maximum amount for which petitioner will be liable under Canadian law if it is allowed to limit its liability. If American statutes apply, the total liability will be in the vicinity of $370,000. In accordance with Admiralty Rule 51, 28 U.S.C.A., a monition was issued against all persons asserting claims against the petitioner arising out of the Noronic fire, and directing them to file their claims with a court appointed Commissioner.

Four claimants have now excepted to this procedure asserting that the Court is without jurisdiction to fix the final date for filing of claims until it has determined whether Canadian or American law applies to the question of exoneration from, or limitation of, liability. They ask for an immediate determination of this question, and until such determination is made, a stay of all other proceedings.

■ Petitioner asserts that the exceptors herein have not filed claims with the Commissioner and have, therefore, no standing in this action to except to the petition. One of the exceptors has filed a claim and answer to the petition. Without a thorough examination of authority and relying solely on the argument made by petitioner in its brief it can be said that the exceptor who has filed a claim and answer may except to the petition at this time and therefore these exceptions are properly before the Court.

■ Exceptors have not claimed, nor could they, that a different procedure bringing the claimants into concourse must be followed, if Canadian law is found to be applicable. The procedural steps in a limitation of liability action are of course governed by the law of the forum. Canadian law, if applicable, will determine only what factors petitioner must show to exonerate itself from or limit its liability,— the proof necessary to determine these factors and the total amount of liability, if any. Since these questions will not arise until trial of the exoneration or limitation issues, it hardly seems necessary at this time to determine what law is applicable and there is no need at all to stay the filing of claims.

The sole basis for the exceptions seems to be the Supreme Court decision in Black Diamond Corp. v. Stewart & Sons, 336 U.S. 386, 69 S.Ct. 622, 93 L.Ed. 754. The sixth syllabus in this case states that: "Upon remand, the question of what law governs the substantive limit of liability should be determined in advance of the proof of individual claims."

■ This is undoubtedly a correct statement of the law, but it in no way compels the Court to sustain these exceptions. The filing of claims, which procedure exceptors wish to have stayed, and the proof of claims are two distinct procedural steps which are often separated in point of time by the trial of the issues of petitioner's right to exoneration from or limitation of liability. If claimants contest the right of petitioner to exoneration or limitation, it is customary to hold in abeyance the question of proof of damages by the claimants. 3 Benedict on Admiralty, 6th Ed., Sec. 519. Only after it has been determined that petitioner is entitled to limit its liability does the proceeding go to a commissioner for full proof of claimants' damages. Benedict, Sec. 529. It is clear

324

in this action that petitioner's right to exoneration or limitation will be contested and there will be a trial on these issues. Undoubtedly, if there are different standards of proof and different amounts at which liability may be limited under Canadian and American law, the question of which law applies will be determined at trial. The decision as to which law applies, then, will come before proof of damages, and this is in accordance with the Black Diamond ruling.

If, although it is extremely unlikely, proof of damages and the filing of damage claims were meant to be one and the same thing, the fact situation in the Black Diamond case makes its ruling inapplicable to this action. There petitioner was attempting to limit his liability according to Belgian law which amount was two-thirds less than the limitation under American law. The court, fearing the loss of claimants' security if American law were found applicable, ordered an early determination of that question. Here liability under Canadian law is greater than it will be under American law and the greater sum has been secured. Claimants need not fear if American law is applicable that their security will be endangered, so there is no need as in the Black Diamond case for an early determination of this issue. The question of whether American or Canadian law applies is better left to the actual trial of the issues of exoneration from and limitation of liability.

For the reasons stated the exceptions will be denied.